[No. 1867.]

The Atchison, Topeka & Santa Fé Ry. Co. v. Cahill.

1. Instructions.
It is not error to refuse an instruction asked even though it is a correct statement of the law, where the instructions given embody the same principle, and are equally favorable to the party requesting the instruction refused.

2. Railroads—Negligence—Killing Stock.
In an action against a railroad company for killing stock, where the evidence showed that the road at the point where the animals were killed was inclosed by a good and lawful fence, the burden is then on the plaintiff to show that the killing was through the negligence of the railroad company.

*Appeal from the County Court of Bent County.*

Mr. CHAS. E. GAST and Mr. HENRY A. DUBBS, for appellant.

No appearance for appellee.

WILSON, J., delivered the opinion of the court.

This was an action to recover the value of three head of cattle alleged to have been negligently killed by a locomotive of defendant railway company. Suit was originally commenced before a justice of the peace, and hence there are no written pleadings. There is nothing in the record to disclose whether recovery is sought under the statute in reference to the killing of stock by railroads, or as at common law by proof of negligence. This is immaterial, however, in view of our conclusions upon the questions involved in the determination of the appeal. Upon trial in the county court, to which the cause had been appealed, the plaintiff was the only witness in his behalf. He did not pretend to know anything about the fact or the manner of the killing. He had been informed by the section foreman of defendant that three head of stock were found dead near the roadbed of defendant, which were supposed to belong to him, and upon inspection of the hides, he identified them as having been those of his cattle. The question has been raised as to whether there was sufficient proof of the killing. Plaintiff's testimony alone cannot be said to have been sufficient, but what was lacking to make a case proper to go to the jury on this point, was supplied by the witnesses of defendant. The testimony of defendant's engineer and roadmaster was sufficient in our opinion to support a finding that the cattle had been killed by defendant's locomotive. Plaintiff also offered, and there were received in evidence, two letters from the assistant claim agent of defendant, in one of which he offered to allow plaintiff a certain sum, much less than the demand, in settlement of his claim.

These letters, if admissible at all, could only have been received as evidence of the fact that the defendant company had received the affidavit and demand which were required by statute, and which plaintiff claimed to have mailed to the proper officer.   They were not admissible to show, as claimed by plaintiff's attorney, an admission by defendant of any legal liability on its part, for the simple reason that the letters showed on their face that the company expressly denied all liability, and made the offer simply as a compromise, and that it was not accepted.   Defendant on its behalf introduced several witnesses, the engineer and fireman of the train by which it was claimed the cattle were killed, and the section foreman who had charge of the roadbed at that point.   Their testimony tended strongly to show that the defendant had been guilty of no negligence whatever.   In addition to this, it was shown that the road at this point was inclosed by a fence, and that on the very day when the accident is alleged to have occurred, it had been inspected by the section foreman, and found to be in good condition.   Section 2 of the act in reference to the liability of railroads for the killing of stock, approved April 8, 1893, and which was in force at the time this accident occurred, provides that the killing of any animal by a railway company shall be *prima facie* evidence of negligence, and the burden of proof to show want of negligence is thrown upon the railway company.   Session Laws, 1893, page 406.   Section 6 of the same act provides, however, that where the road is inclosed with good and lawful fence, the railway company may prove this fact as a defense to any action under this act for killing within the inclosure, and thereupon the burden of proof is upon the plaintiff to show that the killing was through the fault or carelessness of the railway company.   In other words, by the terms of this section, proof that the road was inclosed by a fence rebuts the presumption of negligence which must prevail under the terms of the second section of the act.   In either case, therefore, whether the plaintiff sought to recover in this action under

the statute, or as at common law for negligence, the burden was upon him to prove negligence.

Defendant requested among others, but was refused, the following instruction:

"1. In this state a fence of four wires, with a height of four and a half feet and with good posts eight feet apart, is a lawful fence ; and if you believe from the evidence that on the 5th of February, 1896, the defendant company maintained such a fence at the point where the plaintiff's cattle in question in this action entered upon defendant's right of way prior to being struck by defendant's engine, and that the said cattle so entered by reason of an opening in said fence existing without any fault on the part of defendant, then your verdict must be for the defendant, unless it has been shown that the killing of the cattle was the result of some negligence on the part of defendant."

Defendant assigns error on the refusal of this instruction. The instruction was correct, but in the one instruction which the court did give, the jury were told, substantially, that to warrant them in finding for the plaintiff, they must find from the evidence that plaintiff's cattle were killed by defendant's cars, and that the same was caused by reason of negligence on the part of defendant; and that the burden of proof to show these facts was upon the plaintiff.  We think that it was not reversible error to refuse the instruction asked by defendant, because the court in the instruction which it gave sufficiently stated the law which was sought to be presented by the refused instruction.  In fact, the instruction given was more favorable to defendant than that refused, and was open to serious attack by plaintiff, if he had so desired.  The jury were told that they must find the facts essential to plaintiff's recovery, "beyond a doubt."

It was absolutely essential, however, to plaintiff's right of recovery that there should have been some proof that the killing was the result of some negligence on the part of the defendant.  In this there was an utter failure.  We do not find in the record any evidence showing or tending to show

that there was any negligence on the part of the defendant which occasioned or contributed to the loss complained of. There was nothing shown from which the jury had a right to infer negligence. There was no evidence whatever to sustain the judgment, and for this reason, it must be reversed.

*Reversed.*